IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, <br><br> *Plaintiffs*, <br><br> v. <br><br> H&G LEGACY CO., f/k/a THE HILL AND GRIFFITH COMPANY, an Ohio corporation; and LOGISTICS LEGACY LLC, f/k/a HG LOGISTICS LLC, an Ohio limited liability company, <br><br> *Defendants*. | Case No. 25-cv-8387 <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendants allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered

at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee, Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant H&G Legacy Co., f/k/a The Hill and Griffith Company ("Hill and Griffith") is a corporation organized under the laws of the State of Ohio.

8. Defendant Logistics Legacy LLC, f/k/a HG Logistics LLC ("HG Logistics") is a limited liability company organized under the laws of the State of Ohio.

## CLAIM FOR RELIEF

9. Plaintiffs hereby reallege and incorporate each allegation made in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10. On or about November 10, 2007, Hill and Griffith and HG Logistics were a group of trades or businesses under common control (the "Hill and Griffith Controlled Group") and

therefore constituted a single employer within the meaning of 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

11. The Hill and Griffith Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

12. During all relevant times, Hill and Griffith was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which Hill and Griffith was required to make contributions to the Pension Fund on behalf of certain of its employees.

13. The Pension Fund determined that on or about November 10, 2007, the Hill and Griffith Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of 29 U.S.C. § 1383.

14. As a result of the complete withdrawal, the Hill and Griffith Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $183,997.85, as determined under 29 U.S.C. § 1381(b).

15. On or about November 18, 2009, the Hill and Griffith Controlled Group, through Hill and Griffith, received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1).

16. In the notice and demand, the Pension Fund notified the Hill and Griffith Controlled Group that it was required to discharge its withdrawal liability in a lump sum payment of $183,997.85 or in monthly payments, with the first payment due on or before December 1, 2009.

17. The Hill and Griffith Controlled Group remitted monthly payments for the period of December 2009 through and including the payment due on or before May 1, 2024. However,

the Hill and Griffith Controlled Group has not made any further withdrawal liability payments, including the monthly payment that was due on or before June 1, 2024.

18. On or about July 2, 2024, the Hill and Griffith Controlled Group, through Hill and Griffith, received a notice from the Pension Fund, pursuant to 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due, and which forewarned the Hill and Griffith Controlled Group of the consequences of its failure to pay such liability. Since receiving the past due notice, the Hill and Griffith Controlled Group has not made any further withdrawal liability payments to the Pension Fund.

19. The Hill and Griffith Controlled Group did not initiate arbitration pursuant to 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to 29 U.S.C. § 1401(b)(1).

20. The Hill and Griffith Controlled Group failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of 29 U.S.C. § 1399(c)(5).

21. Hill and Griffith and HG Logistics, as members of the Hill and Griffith Controlled Group, are jointly and severally liable to the Pension Fund for the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment for Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, as Trustee, and against Defendants, H&G Legacy Co. f/k/a The Hill and Griffith Company and Logistics Legacy LLC f/k/a HG Logistics LLC, jointly and severally, pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

(i) the unpaid withdrawal liability in the amount of $171,325.85;

    (ii)    interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii)    an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

    (iv)    attorneys' fees and costs.

(b)    Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)    Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Gabrielle Pilgrim
Gabrielle Pilgrim (ARDC #6346422)
*ATTORNEY FOR PLAINTIFFS*
CENTRAL STATES PENSION FUND
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-939-2508
gpilgrim@centralstatesfunds.org

July 22, 2025